# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| vs. ) | Criminal Action No. 10-00222-KD-M |
| JOSEPH EDGAR HEMPFLENG, ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the Notice of Appeal of Release Order filed by the United States as to defendant Joseph Edgar Hempfleng (doc. 43). On September 29, 2010, Magistrate Judge Bert W. Milling, Jr., denied the United States' motion to detain on basis that Hempfleng was not a flight risk and that he had rebutted the presumption of dangerousness. The United States moved Judge Milling to stay entry of his order setting conditions of release so that the United States could file an appeal. Judge Milling granted the motion to stay and this matter is now before the Court.

On appeal, the United States contends that Hempfleng is both a flight risk and poses a danger to the community. The United States argues that it has shown by clear and convincing evidence that Hempfleng is a danger to the community and that the proposed conditions of release which include electronic monitoring cannot address that danger.

The Bail Reform Act, 18 U.S.C. § 3141, governs the release and detention of a defendant prior to trial. 18 U.S.C. § 3142(f)(1) entitles the United States to move for detention if the defendant has been charged with one of the offenses enumerated in the Act which Congress has determined warrant detention. Where a charged offense is described in 18 U.S.C. § 3142(f)(1),

as in this case, there is a rebuttable presumption that no combination of conditions will reasonably assure the safety of any other person or the community. See 18 U.S.C. § 3142(e). When considering pre-trial detention, the Court must decide whether there are conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. See 18 U.S.C. § 3142(e). Factors relevant to this inquiry are: (1) the nature and circumstances of the offense(s), including whether the offense(s) are a crime of violence or involve a narcotic drug, (2) the weight of the evidence, (2) the history and characteristics of the defendant and (4) the nature and seriousness of the danger posed by the defendant's release. See 18 U.S.C. § 3142(g).

      The Court has conducted a *de novo* review of the evidence presented to the Magistrate Judge. Although there is a presumption of detention and significant evidence against Hempfleng, the undersigned concurs with the Magistrate Judge that there are conditions of release available which will assure the safety of the community and Hempfleng's appearance in court as required. Accordingly, the Magistrate Judge's findings on the record are adopted and the decision to deny the United States' motion to detain is **affirmed**.

      **DONE** this 6th day of October, 2010.

       **s/ Kristi K. DuBose**
      **KRISTI K. DuBOSE**
      **UNITED STATES DISTRICT JUDGE**